## L. W. HASTINGS v. J. C. ADAMS.

OCTOBER TERM, 1894.

*Promissory note. Representations upon which given. Estoppel to make defence.*

The defendant bought a mowing machine upon condition that he need not pay for it if it did not work well. Subsequently he gave his note, payable in one year, upon the understanding that he could within the year ascertain whether the machine was satisfactory. *Held*, that having made no complaint until after the maturity of the note he could not then, under the circumstances of this case, make the defence that the machine did not work well.

Assumpsit upon a promissory note. Heard upon the report of a referee at the March term, 1894, Essex county, THOMPSON, J., presiding. Judgment for the plaintiff. The defendant excepts.

*W. P. Stafford* for the defendant.

The plaintiff is not entitled to any greater rights than the payee, for he did not become the owner until long after maturity. *Hartford, etc., Co.* v. *Brush*, 43 Vt. 528; *McClure* v. *Briggs*, 58 Vt. 82; *Daggett* v. *Johnson*, 49 Vt. 345.

*O. F. Harvey* and *Harry Blodgett* for the plaintiff.

The defendant should have repudiated the contract for the machine within the year. *Dennis* v. *Stoughton*, 55 Vt. 371.

TYLER, J. The report shows that in the year 1889 and subsequently the Wm. N. Whiteley Co. were engaged in selling mowing machines, and that one Pooler was their agent, having for his territory certain northern towns in Vermont and New Hampshire. In the summer of that year one Russell acted as Pooler's agent in selling machines in Victory, and assisted him in selling one to the defendant. They warranted it to be first-class and capable of doing good work on the defendant's farm, and agreed that the defendant was not to pay for it unless it proved satisfactory. The defendant took it on those terms. On trial it proved to have been improperly constructed, did not work well, and was unsatisfactory to the defendant. On complaints being made by the defendant, Whitely & Co.'s workman tried to repair it that year, and again the following year, and urged the defendant to make further trial of it. Finally the defendant notified Pooler and Russell that he could not use the machine, and did not wish to try it further. In July, 1890, Pooler went to the defendant's and saw the machine, examined and tested it, and directed the defendant to remove it to St. Johnsbury where, it was agreed, he might exchange it for another machine on the same terms as were made for the first one. The defendant made the exchange as directed.

It is found that Russell had told the defendant not to give his note for the machine until it proved satisfactory, and that Russell had informed Pooler that he had so advised the defendant.

Soon after the exchange was made, and on August 1, 1890, Pooler called on the defendant for a note for the mower, and said to him that he would put off payment of the note a year, so that if the mower did not work well the defendant would not have to pay the note. On those conditions the note in suit was given, payable in one year from its date, and the defendant thereafter kept and used the

mower, made little if any complaint about it, made no complaint to Pooler or Russell, did not offer to return it or rescind the bargain, and was not called on to pay the note until after Russell's insolvency.

By an arrangement made between Pooler and Russell in the fall of 1889, the obligation from the defendant for this machine, with other like obligations, became Russell's property, and when the note was given, payable to the Wm. N. Whiteley Co., it was indorsed to Russell and became his property, and he so informed the defendant and that Pooler was to make the machine satisfactory to him.

In October, 1891, Russell was adjudged an insolvent, and his assignee sold by auction this note with others to the plaintiff, who gave defendant notice of his ownership. The defendant replied that the mower did not work well, but that he would soon "fix it up."

The defendant by the act of giving the note, in the circumstances detailed by the referee, limited the time within which he might refuse to accept the machine to one year, the time the note was to run. After the maturity of the note he was, by the terms of the agreement, precluded from setting up in defence of the note a claim that the machine was unsatisfactory, or did not work well.

*Judgment affirmed.*